Filed 4/29/22  P. v. Morales CA4/2
*See dissenting opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077928 |
| v. | (Super.Ct.No. RIF094693) |
| JOHN ANTHONY MORALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, John Anthony Morales, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the court denied.[2] After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of facts, a statement of the case, and identifying two potentially arguable issues: (1) whether the superior court erred in denying defendant's petition; and (2) whether the denial constituted prejudicial error. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

By information filed February 6, 2001, the People charged defendant with unauthorized possession of heroin in jail (§ 4573.6, count 1). The People additionally alleged defendant had suffered three prior prison terms (§ 667.5, subd. (b)) and one prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c).)

On June 12, 2002, defendant pled guilty to the count 1 offense. In return, the People agreed to a sentence of three years of imprisonment, concurrent with defendant's sentence in another case, and moved to dismiss all priors alleged in the instant case. On July 12, 2002, the court sentenced defendant as provided by the plea agreement and dismissed all the prior allegations.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The court both denied and dismissed the petition with prejudice.

2

On March 16, 2020, defendant filed a form petition for resentencing alleging a complaint, information, or indictment had been filed against him allowing the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. Defendant additionally alleged there had been a prior determination by a court or jury that he was not a major participant and did not act with reckless indifference to human life. Therefore, defendant maintained he was entitled to be resentenced pursuant to section 1170.95.

At a hearing on June 26, 2020, the court denied the petition noting that defendant did not qualify for section 1170.95 relief. On April 28, 2021, defendant filed another petition for resentencing in this case, which was identical to the one he formerly filed except that he also filed it in another case and alleged that he was not the actual killer.

At a hearing on May 21, 2021, the court noted, "There are no murder charges. This petition for—there are not even attempt murder charges." The court ruled, "He's not entitled to any relief under 1170.95 as a matter of law. It is a defective petition. The petition is denied. In RIF094693, there are no murder or even homicide—attempt homicide charges. . . . He is ineligible for any relief pursuant to 1170.95. Both of these petitions are dismissed with prejudice."

At another hearing on the petition on October 15, 2021, which occurred for no reason appearing on this record, the People noted: "There is a tortured history on this case that I think [defense counsel] can explain to you, but the punch line is [defendant] was not convicted of murder. The petition needs to be dismissed . . . ." Defense counsel

3

responded: "Yes. [Defendant] has filed a couple petitions. They have been dismissed by the Court. I can concede on that issue. Unfortunately, I do have to object for the record."

The court asked of what defendant had been convicted; the People responded, possession of narcotics in jail. The court denied the petition with prejudice. The People noted, "I think this would be your third denial . . . ."

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We recognize that one panel of this court has held that in uncontested appeals from postjudgment orders, there is no reason to conduct a *Wende* review of the record, and such appeals should be dismissed by order. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131-1132, review granted Mar. 17, 2021, S266853 (but see dis. opn. of Miller, J.); accord *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 ["*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief."]; accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.) We respectfully disagree.

We agree with another panel of this court, which has held that in uncontested appeals from the denial of a section 1170.95 petition, "we can and should independently review the record on appeal in the interests of justice." (*People v. Gallo* (2020) 57 Cal.App.5th 594, 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 ["[W]hen an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in

4

the interests of justice."]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 ["[W]e have the discretion to review the record in the interests of justice."].)  This procedure provides defendants an added layer of due process while consuming comparatively little in judicial resources.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER        
J.

I concur:


RAMIREZ      
   P. J.

[*People v. Morales*, E077928]

RAPHAEL, J., Dissenting.

Defendant and Appellant John Anthony Morales appeals from the denial of a petition filed under Penal Code section 1170.95, a familiar statute that permits defendants charged on certain murder theories to collaterally challenge their conviction for murder (or for attempted murder or manslaughter).

Morales's petition, however, challenged his conviction for violating Penal Code section 4573.6 by possessing drugs in jail. Section 1170.95 is obviously inapplicable, and, unsurprisingly, Morales's attorney could raise no argument on appeal. We thus have an uncontested appeal that is obviously without merit.

This case illustrates the futility and waste of issuing an opinion every time a post-conviction criminal defendant files an appeal that so lacks merit that no argument can be mustered to support it. (See *People v. Scott* (2020) 58 Cal.App.5th 1127, 1134 [finding Fourth District, Division Two issued opinions in 117 uncontested post-judgment appeals in one year]; see also 2021 Court Statistics Report, Judicial Council of California at p. 40 [Fourth District, Division Two issued a total of 452 criminal opinions in fiscal year 2020].) When we routinely issue opinions in uncontested appeals taken from sundry rulings, we ensure that a substantial portion of our division's opinions will lack all significance.

We should follow the prevalent Court of Appeal rule, articulated in a case cited about 575 times in the last decade, and dismiss an appeal "as abandoned" when a defendant appeals from a postconviction order but raises no issues. (*People v. Serrano*

1

(2012) 211 Cal.App.4th 496, 504; see *People v. Cole* (2020) 52 Cal.App.5th 1023, 1040 ["we dismiss this appeal as abandoned"].)

Our Supreme Court has stated that the requirement that we review the entire record is "mandated for only one [situation]—the indigent criminal defendant in his first appeal as of right." (*In re Sade C.* (1996) 13 Cal.4th 952, 986.) As well, the court has cautioned: "Nothing is served by requiring a written opinion when the court does not actually decide any contested issues." (*Conservatorship of Ben C*. (2007) 40 Cal.4th 529, 544.)

No one benefits from reading today's opinion, which has a two-paragraph discussion section that simply argues for its own need to exist. I would instead dismiss this appeal as abandoned in a brief unpublished order that notes, for Morales's benefit, that Penal Code section 1170.95 cannot be used to challenge a conviction for drug possession. More importantly, I would take that approach generally in the dozens of uncontested post-judgment appeals we receive. A single unnecessary opinion causes little harm; a hundred such opinions shows that our resources could be better directed. Our Supreme Court may tell us whether we should continue to generate opinions like this one. (See *People v. Delgadillo*, review granted Feb. 17, 2021, S266305.)

I therefore respectfully dissent.

RAPHAEL _____

J.

2